# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MIGUEL CABAN,**
                **Plaintiff,**

**-vs-**                                                                     Case No. 6:08-cv-1689-Orl-22DAB

**INSTALLATION AND SERVICE
TECHNOLOGIES, INC.,**
                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 39)**
>
> **FILED:**    September 9, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. It is respectfully **RECOMMENDED** that this case be dismissed **without prejudice.**

In this simple Fair Labor Standards Act case made much more onerous by the machinations of Plaintiff's counsel, Bernard Mazaheri, Esq., the parties seek the Court's approval of their Joint Stipulation for Dismissal with Prejudice (Doc. No. 30) in accordance with the Eleventh Circuit precedent of *Lynn's Foods*. *See* Doc. No. 39. Mr. Mazaheri has *belatedly* filed – in response to a show cause order – the amount of the attorney's fee and his estimation of hours expended.

In this straightforward FLSA case, Plaintiff originally claimed he was owed $12,945.15 in unpaid overtime and liquidated damages. Doc. No. 19. Defendant asserted its defenses, and the parties subsequently filed a Joint Stipulation of Dismissal With Prejudice (Doc. No. 30) without setting forth the terms of the settlement. On July 24, 2009, this Court ordered the parties to file "the terms of settlement (including justification for any reduction of Plaintiff's claim) and pertinent information regarding any allowance for fees" by August 7, 2009. Doc. No. 31. The Court explained: "If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under 29 U.S.C. § 216(b) to recover back wages for FLSA violations." (Doc. No. 31 p. 1.) The Eleventh Circuit has stated that when an employee brings a suit against his employer, and the parties "present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)); *see also Silva v. Miller*, No. 08-12011, 2009 WL 73164, at *2 (11th Cir. Jan. 13, 2009) (unpublished; confirming viability of *Lynn's Food's* analysis).[1] The settlement must be a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1344-45. *See* Doc. No. 31.

On July 25, 2009, Plaintiff filed a Motion to Review Magistrate Judge's Order - Objection to the Order.[2] Doc. No. 32. On August 14, 2009, Chief Judge Conway overruled Plaintiff's objection and affirmed the Order, once again directing the parities to file supporting documents related to any settlement associated with Caban's stipulation of dismissal with prejudice. Doc. No. 34. Plaintiff

---

[1]The Court acknowledges that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. See 11th Cir. R. 36-2.

[2] Defendant filed its "non-opposition to Plaintiff's Objection" on July 28, 2009. Doc. No. 33.

previously argued the Court had no authority to direct the parties to file additional documents after the parties stipulated to the dismissal of the action. In overruling Plaintiff's objection, Chief Judge Conway considered at length and rejected Plaintiff's argument that the Court lacked authority to order production of the settlement documents:

> Caban contends that Judge Baker exceeded his authority when he entered his order after the parties filed a properly executed stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). (Doc. No. 32 p. 3.) In addition, Caban further argues that this Court has no authority to enter an order directing the parties to file additional documents after the parties have stipulated to the dismissal of the action. (Id. at 4.)
>
> The Court first considers whether it has authority to direct the parties to file additional documents after the parties have stipulated to a Rule 41(a)(1)(A)(ii) dismissal of a Fair Labor Standards Act ("FLSA") action. . . .The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA . . . because initiation of the action by the employees provides some assurance of an adversarial context." [*Lynn's Food Stores*, 679 F.2d] at 1354. In adversarial cases:
>
>> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
>
> *Id.* Although an attorney representing the employee is likely to create an adversarial context that prevents the employer from overreaching, that attorney nonetheless faces an inherent conflict of interest when negotiating both a settlement of the plaintiff's claims and his fees with the defendant. *See Silva*, 2009 WL 73164 at *1. That is, the adversarial context is diminished to the extent that the defendant is interested only in disposing of the total claim asserted against it, rather than allocating its liability between the payment of the plaintiff's claims and the payment of attorneys' fees.
>
> FLSA provides a safeguard to ensure that the plaintiff's recovery is not tainted by his attorney's conflict of interest. Specifically, FLSA provides that "[t]he court . . . shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The plain language of the statute

requires a district court to allow a reasonable fee; it does not permit a court to allow unreasonable attorneys' fees merely because the plaintiff's counsel negotiated those fees with the defendant as part of a settlement or a stipulation of dismissal. *See Silva*, 2009 WL 73164 at *1 ("FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions."). In addition, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. Thus, in FLSA actions, "the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.*" Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005). The district court's duty to consider the reasonableness of attorneys' fees in the settlement of FLSA claims is analogous to the court's duty to consider the reasonableness of attorneys' fees when evaluating class action settlements. Id. at 1145 ("In determining whether the settlement [of an FLSA action] is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions."). In the class action context, the Fifth Circuit has stated that a court must assess the reasonableness of attorneys' fees to minimize conflicts that "may arise between the attorney and the class." *Piambino v. Bailey*, 610 F.2d 1306, 1328 (5th Cir. 1980)).

For example, a conflict may arise in settlements that include both the plaintiff's claims and attorneys' fees when "the defendant's adversarial role with regard to the attorneys' fees is . . . diminished" because the defendant "is interested only in disposing of the total claim asserted against it and the allocation between the class payment and the attorneys' fees is of little or no interest." *Strong v. BellSouth Telecomms., Inc*., 137 F.3d 844, 849-50 (5th Cir. 1998) (internal quotation marks omitted). Although "the plaintiff's attorney does not consciously or explicitly bargain for a higher fee at the expense of the beneficiaries, it is very likely that this situation has indirect or subliminal effects on the negotiations." *Id.* at 850 (quoting *Court Awarded Attorney Fees, Report of the Third Circuit Task Force*, 108 F.R.D. 237, 266 (1985)). Thus, a district court, in its review of the settlement, "must strive to minimize the conflict of interest between the class and its attorney inherent in such an arrangement." Id.

In exercising this duty, the district court "is not bound by the agreement of the parties as to the amount of attorneys' fees." *Piambino*, 610 F.2d at 1328 (finding that a district court "abdicated its responsibility to assess the reasonableness of the attorneys' fees proposed under a settlement of a class action" when it summarily approved the fees provided for in the settlement agreement). The court "must thoroughly review the attorneys' fees agreed to by the parties," even when it "finds the settlement agreement to be untainted by collusion, fraud, and other irregularities." *Strong*, 137 F.3d at 850.

Many of the concerns that underlie the district court's duty to assess the reasonableness of attorneys' fees in the class action context exist for settlements or stipulations of dismissal in FLSA actions. As discussed above, an inherent conflict exists in an FLSA action when the plaintiff's attorney negotiates both the plaintiff's

> award and his own fee with a defendant that is likely sensitive to its total liability rather than the distribution of its liability between the plaintiff's claims and the attorneys' fees. In such a circumstance, the negotiations regarding the plaintiff's recovery may be tainted indirectly or unconsciously by the negotiating parties' knowledge that the attorneys' fees issue remains to be discussed. Whether the negotiations result in a settlement proposed to the court or an agreement to stipulate to the dismissal of the plaintiff's claims with prejudice, the plaintiff's recovery may be tainted. Finally, as discussed above, the Court has a statutory obligation to award reasonable attorneys' fees. Thus, it must review the terms of any agreement to dismiss the plaintiff's claims to ensure that the plaintiff's recovery is not tainted by his counsel's conflict of interest.

Doc. No. 34 at 1-5 (footnotes omitted).

Judge Conway noted that because Caban's Notice of Dismissal failed to state the terms of the settlement, the justification for any reduction of plaintiff's claim, or any pertinent information regarding an allowance for fees, the Court could not "execute its statutory duty to award reasonable attorneys' fees until such terms are disclosed" and make a fairness determination. Doc. No. 35 at 5-6.

On August 24, 2009, Plaintiff filed a petition for writ of mandamus with the Eleventh Circuit Court of Appeals, which was denied the same day. Doc. No. 37. Plaintiff was granted an extension until September 9, 2009 in this Court to file the settlement and fee documentation. Doc. No. 38.

On September 9, 2009, six weeks after originally being ordered to file the settlement and fee documentation, Plaintiff filed yet another pleading that did not attach any documentation (Doc. No. 39) but merely described (on page 5 of 7) the amount of the "oral resolution" of the settlement of $8,000; of which, attorney's fees comprised 50%, or $4,000 of the total settlement to Plaintiff. Although previously ordered to do so (Doc. No. 31), Plaintiff's counsel had failed to provide any documentation of fees, and summarily stated instead that "the amount of attorneys' fees requested by the Plaintiff's counsel is entirely reasonable, given the amount of work he has expended in litigating the case." Doc. No. 39 at 6. Plaintiff's counsel failed to file any documentation whatsoever in support of the $4,000 fee, and failed to state the hours incurred, the hourly rate billed to his client, or

-5-

whether the amount charged was based on a contingency fee agreement. Doc. No. 39. The Court stated: "Plaintiff's assertion that no 'settlement' is involved because there is no written agreement is specious. The motion describes in detail the agreements of the parties as to all the issues. Moreover, a dismissal with prejudice, by its nature, extinguishes all claims, whether or not a separate release is executed." Doc. No. 40 at 2. The Court then ordered Plaintiff's counsel to show cause why he should not be sanctioned for the failure to timely file the fee documentation he was previously ordered to file. Doc. No. 40.

In response to the Order to Show Cause, Mr. Mazaheri contends that no "settlement documentation" exists. Doc. No. 41. It may be that no settlement documentation exists if the settlement was oral[3]; however, settlement documentation was not all Mr. Mazaheri was *repeatedly* directed to provide, for the first time on July 24; again on August 14, 2009; by Judge Conway; and by implication on August 24 when the Eleventh Circuit denied Plaintiff's petition for writ of mandamus. *See* Doc. No. 31. Mr. Mazaheri was granted an extension until September 9, 2009 to provide the information. Doc. No. 38. Despite having had seven weeks to provide the attorney's fees information, Mr. Mazaheri inexplicably failed to provide it as ordered by September 9, 2009. *See* Doc. No. 39. In response to the Court's Order to Show Cause on the issue, he states that "counsel has acted in good faith and reasonably relied upon the adequacy of the joint response filed by the Defendant (Doc. No. 39) to satisfy all outstanding obligations." Doc. No. 41.

While conceding defeat of his arguments, Mr. Mazaheri appears to re-argue his contention which lost before Judge Conway and the Eleventh Circuit on the writ of mandamus: "The plain reading of the Rule [41] permits the dismissal of Fair Labor Standards Act cases. In fact, no appellate

---

[3]The Court does not comment on the efficacy of an "oral settlement" or "resolving a federal issue on a proverbial handshake" as Mr. Mazaheri described it. Doc. No. 41 at 2. The court also does not comment on whether such conduct best serves the client's interest.

court has ruled to the contrary." Doc. No. 41. He argues further that "some cases should be analyzed under *Lynn's Food Stores*, but that not all cases (in his opinion) should be uniformly subjected to review. . . . *Lynn's Food Stores* protects employers by assuring that a settlement is binding. If an employer does not wish to obtain such an assurance, then the employer should not be forced to do so." Doc. No. 41.

Based on lack of proper documentation, the Court is unable to review the reasonableness of fees or costs, and it is respectfully **RECOMMENDED** that this case be dismissed without prejudice. The Court has **not** reviewed the fairness of the (oral) settlement agreement; thus, the dismissal cannot be with prejudice on that basis alone, pursuant to the requirements of *Lynn's Foods*. Further, in the absence of court approval, any release of claims is not legally binding, and Plaintiff is free to sue again.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 16, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy